IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TRAVELHOST, INC., § | |
| § | |
| Plaintiff-counterdefendant, § | |
| § Civil Action No. 3:11-CV-0455-D | |
| VS. § | |
| § | |
| TONYA FIGG, et al., § | |
| § | |
| Defendants-counterplaintiffs. § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff-counterdefendant TRAVELHOST, Inc.'s ("TRAVELHOST's") motion to dismiss the counterclaim of defendant-counterplaintiff Tonya Figg ("Figg") under Fed. R. Civ. P. 12(b)(6) is granted. The court allows Figg 30 days from the date this memorandum opinion and order is filed to amend her counterclaim, if she can, to state a claim on which relief can be granted.[1]

I

Stated summarily, TRAVELHOST filed suit against Figg and Figg Publishing, Inc. ("Figg Publishing") arising from their alleged default under a contract that, *inter alia*, licensed them to use TRAVELHOST's trademarks in South Central Indiana. TRAVELHOST also complains of the publication of a competing publication. Figg and Figg

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

Publishing counterclaimed against TRAVELHOST.[2]  TRAVELHOST moves to dismiss Figg's counterclaim under Rule 12(b)(6) for failure to state a claim on which relief can be granted.

II

A

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff (including a counterplaintiff) must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly,* 550 U.S. at 555 ("Factual allegations must be enough to raise the right to relief above the speculative level[.]").  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal,* 129 S.Ct. at 1950 (quoting Rule 8(a)(2)) (alteration omitted).  Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although "the pleadings standard Rule 8 announces does not require 'detailed factual

---

[2]Figg Publishing is no longer a party.  The court entered a default judgment against it on August 17, 2011.

allegations,'" it demands more than "'labels and conclusions.'" *Iqbal,* 129 S.Ct. at 1949 (quoting *Twombly,* 550 U.S. at 555). And "'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly,* 550 U.S. at 555).[3]

B

Figg's counterclaim essentially consists of nothing more than a series of conclusory assertions followed by somewhat lengthy excerpts from publications such as state laws and articles. Attached to it are a copy of a complaint filed with the Indiana Secretary of State Securities Division, an article, and other documents. The allegations are too conclusory, even when viewed liberally due to Figg's *pro se* status,[4] to state a claim on which relief can be granted.

C

Because Figg is proceeding *pro se*, the court will grant her leave to replead. *See, e.g., Scott v. Byrnes*, 2008 WL 398314, at *1 (N.D. Tex. Feb.13, 2008) (Fitzwater, C.J.) (quoting *Barber v. G.H. Rodgers*, No. CA3-84-1750-D, slip op. at 7 (N.D. Tex. Sept. 13, 1988) (Fitzwater, J.)). Within 30 days of the date this memorandum opinion and order is filed, she must file an amended counterclaim, if she can, that states a claim on which relief can be

---

[3]In deciding TRAVELHOST's Rule 12(b)(6) motion, the court construes Figg's counterclaim in the light most favorable to her, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in her favor. *See, e.g., Lovick v. Ritemoney Ltd.,* 378 F.3d 433, 437 (5th Cir. 2004).

[4]Because Figg is proceeding *pro se*, the court construes the allegations of her counterclaim liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980) (per curiam); *SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir.1993) (per curiam).

granted.

\* \* \*

TRAVELHOST's August 16, 2011 motion to dismiss is granted, and Figg is granted leave to amend her counterclaim as specified above.

**SO ORDERED**.

September 27, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE