IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

TRAVELHOST, INC.,

    Plaintiff-Counterdefendant,

v.                                           3:11-CV-0455-D-BK

TONYA FIGG,

    Defendant-Counterplaintiff.

### FINDINGS, CONCLUSION AND RECOMMENDATION

Pursuant to the District Court's *Order of Reference* dated April 26, 2012 (Doc. 57), this case has been referred to the United States Magistrate Judge for a recommendation on Plaintiff's *Renewed and Amended Motion for Sanctions* (Doc. 56). For the reasons that follow, it is recommended that Plaintiff's motion be **GRANTED in part and DENIED in part**.

**A.    Background**

In March 2011, Plaintiff filed an amended complaint against Defendant, alleging that the parties had entered into a contractual agreement whereby Defendant was to purchase and distribute Plaintiff's travel magazine, but Defendant had unilaterally terminated that contract and then breached her two-year non-compete agreement by starting a competing business. (Doc. 5 at 4-8). In connection with its complaint, Plaintiff filed a *Motion to Compel* in November 2011, asking that the Court order Defendant to respond to certain requests for production and interrogatories because Defendant had failed to do so. When Defendant failed to respond to Plaintiff's motion, the Court presumed that she did not oppose the motion and granted the relief Plaintiff requested. (Doc. 45). The Court ordered Defendant to produce all of the requested discovery within 14 days. *Id.*

Defendant, however, failed to do so. Accordingly, in March 2012, at Plaintiff's behest, the Court imposed sanctions on Defendant because she neither obeyed the Court's order nor responded to a subsequent request for production that Plaintiff had propounded on her. (Doc. 53). In particular, the Court ordered Defendant to (1) pay to Plaintiff the reasonable expenses it incurred in pursuing its *Motion for Sanctions*,[1] and (2) fully respond to all of Plaintiff's discovery requests on or before April 16, 2012. *Id.* at 4. The Court also advised that failure to comply with the order may result in additional sanctions. *Id.*

**B.   Renewed Sanctions Motion**

On April 24, 2012, Plaintiff filed the instant *Renewed and Amended Motion for Sanctions*, advising the Court that Defendant still has not produced any responsive discovery despite this Court's order. (Doc. 56 at 2). Accordingly, Plaintiff asks that the Court impose additional sanctions against Defendant in the form of striking her pleadings, rendering default judgment against her, and entering a permanent injunction against her requiring her to cease all competitive activities for a period of two years from the date of judgment. *Id.* at 3 & n.1. Defendant's response to Plaintiff's motion was due on May 15, 2012, but she did not file a responsive pleading. *See* N.D. TEX. LOCAL RULE 7.1(e) (providing a 21-day time period to respond to motions).

**C.   Applicable Law**

Federal Rule of Civil Procedure 37 provides that if a party fails to obey an order to provide discovery, the court may:

---

[1] By separate order, the undersigned found that Plaintiff's reasonable costs were $1,280.00 and directed Defendant to pay that amount to Plaintiff by May 14, 2012. (Doc. 55).

>   (1) direct that designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
>   (2) prohibit the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
>   (3) strike pleadings in whole or in part;
>
>   (4) stay further proceedings until the order is obeyed;
>
>   (5) dismiss the action or proceeding in whole or in part; or
>
>   (6) render a default judgment against the disobedient party;

FED. R. CIV. P. 37(b)(2)(A).

In order to award Plaintiff the harshest sanction of default judgment, a number of criteria must be met. First, the Court must find that Defendant's discovery violation was willful. *United States v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003). Second, the Court must determine that a lesser sanction would not substantially achieve the desired deterrent effect. *Id.* Other considerations include whether the discovery violation prejudiced Plaintiff's preparation for trial and whether the violation is attributable to an attorney or to the party herself. *Id.*

**D.   Analysis**

In this case, all of these considerations weigh in Plaintiff's favor and the Court thus finds that default judgment against Defendant is appropriate. As noted above, Defendant has failed on three occasions to comply with discovery requests and has refused to obey a Court order. This behavior can only be viewed as willful. Moreover, the Court does not believe that a lesser sanction would have any deterrent effect because the undersigned previously sanctioned Defendant and warned that additional sanctions might be imposed, yet she still failed to comply with the Court's order. Additionally, Defendant's discovery violations have prejudiced

Plaintiff's ability to prepare for trial, which is scheduled to take place in two months, because Defendant has not provided Plaintiff with any discovery materials whatsoever. (Doc. 47). Finally, the discovery violations are clearly attributable to Defendant, who is proceeding *pro se*.

For the reasons set forth above, it is thus recommended that the District Court **GRANT IN PART** Plaintiff's *Renewed and Amended Motion for Sanctions* (Doc. 56) and (1) strike Defendant's pleadings and (2) render a default judgment against her. To the extent that Plaintiff requests that the Court enjoin Defendant from competing against Plaintiff for a period of two years, however, that relief should be **DENIED** because the non-competition agreement that Defendant signed already has expired. *See* Doc. 42 at 10-11 (Nov. 22, 2011 order of Chief Judge Fitzwater, noting that the two-year non-compete agreement between the parties expired on March 4, 2012 at the latest).

**SO RECOMMENDED** on May 25, 2012.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

      A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE